# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JOE T. YOUNG,

    Plaintiff,

vs.

ANTHONY SMITH, individually, CITY OF BRUNSWICK, Ga.,

    Defendants.

CV 214-109

## ORDER

Presently before the Court are Plaintiff's Motions for Recusal and Remand. Dkt. Nos. 9, 12, 13, 18, 27. Upon due consideration, Plaintiff's motions are **DENIED**.

### I. RECUSAL

Plaintiff has now filed four motions seeking the undersigned's recusal. The first motion informed the Court that Plaintiff was filing a complaint with the Eleventh Circuit Court of Appeals regarding the undersigned. Plaintiff noted that the undersigned is a personal friend and former colleague of the County Magistrate, Wallace Harrell, who signed the warrant at issue in a previous case, and that the undersigned's spouse was at one time an F.B.I. agent. Plaintiff expressed that he is

1

averse to the undersigned hearing and disposing of any police misconduct cases. Dkt. No. 12. The second motion took issue with the fact that the Court had not yet ruled on its motion to remand this case to state court. Dkt. No. 13.

The third motion for recusal was filed with an attached affidavit. In the body of the motion, Plaintiff stated his opinion that the undersigned is not fair. Though several statements were framed as rhetorical questions, to which Plaintiff responded, "Plaintiff does not know", the general contentions in the body of the motion were:

- In a prior dispute involving Plaintiff, the Court did not decide whether the case was "prima facie" as quickly as he desired.
- A rhetorical suggestion was made that the undersigned is biased in police misconduct cases because of a former position as a prosecutor. In support of this suggestion Plaintiff cited the fact that he is aware of three recent police misconduct cases in which the undersigned granted summary judgment to the police officers.
- Summary judgment is, according to Plaintiff, a very rare occurrence. He believes "it happens about 1 out of 10,000 times". Plaintiff finds that the undersigned does not respect this principle, as demonstrated by the granting of three summary judgments in the last three years.

Dkt. No. 18.

Plaintiff's fourth motion for recusal (labeled "Iteration Motion") essentially summarizes and restates the previous contentions: Plaintiff does not respect and has publicly criticized the undersigned, Plaintiff feels that the undersigned

2

AO 72A
(Rev. 8/82)

usurps the authority of juries, and Plaintiff feels that the undersigned's "opinions and comments" suggest that she wants the support of law enforcement in the event she is considered for higher office.

Two statutes govern requests for recusal of federal district court judges, and the Court will address both in this case.

### a. 28 U.S.C. § 144

> Disqualification under § 144 requires that a party file an affidavit demonstrating the judge's personal bias or prejudice against that party or in favor of an adverse party. The statute mandates that the affidavit be filed within a specified time period and that it be accompanied by a certificate of good faith by a counsel of record.

United States v. Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987). If a timely and technically correct affidavit is submitted, the district court "may not pass upon the truthfulness of the facts stated in the affidavit even when the court knows these allegations to be false." Id. The trial judge must determine whether the facts alleged are legally sufficient to require recusal. The test for legal sufficiency requires the party seeking recusal to show: "(1) The facts are material and stated with particularity; (2) The facts are such that, if true they would convince a reasonable person that a bias exists. (3) The facts show that the bias is personal, as opposed to judicial, in nature." Id. "Because the statute 'is heavily weighed in favor

3

AO 72A
(Rev. 8/82)

of recusal,' its requirements are to be strictly construed to prevent abuse." United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993) (quoting United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir. 1985)). "[C]onclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." Gen. Aviation, Inc. v. Cessna Aircraft Co., 915 F.2d 1038, 1043 (6th Cir. 1990) (citation omitted).

Plaintiff's motion fails, when analyzed under § 144, for several reasons. As an initial matter, Plaintiff did not submit the required certificate of counsel stating that his affidavit was submitted in good faith. Failing to provide such a certificate "has proven fatal to even the § 144 motions of *pro se* litigants", such as Plaintiff. Cuyler v. Allstate Ins. Co., No. 1:09-CV-0498-RWS, 2009 WL 2884140, *2 (N.D. Ga. Sept. 2, 2009) (citations omitted).

Even apart from that deficiency, the facts in Plaintiff's affidavit do not meet the Eleventh Circuit's test for legal sufficiency. See Alabama, 828 F.2d at 1540. The facts must show that the bias is personal, as opposed to judicial, in nature. This means that the bias alleged must typically stem from an extra-judicial source, or from opinions acquired outside of the context of the judicial proceedings. Liteky v. United States, 510 U.S. 540, 554 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality

4

motion." Id. at 555 (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)); see also Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983) ("Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias") (citations omitted). Additionally, opinions formed based on facts introduced in the course of current or prior proceedings do not form the basis for a bias or partiality motion, "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.

For the most part, Plaintiff's issues with the undersigned regard purely judicial sources. Plaintiff's perceptions regarding timeliness are purely judicial and do not demonstrate bias. Id. at 556 ("A judge's ordinary efforts at courtroom administration . . . remain immune."). Moreover, Plaintiff's suggestion that the undersigned decides too many cases on summary judgment is purely judicial.

Plaintiff then takes issue with an adverse ruling in a previous case before this Court. Apart from contending that the adverse ruling itself was made in error, Plaintiff suggests the undersigned is biased because Plaintiff learned after the previous adverse ruling that the undersigned knew the judge who signed the warrant at issue in that case and that the

5

undersigned was married to an F.B.I. agent. Plaintiff essentially argues that the undersigned should have recused herself in the previous case, and the undersigned should be forced to recuse herself in this case.

Taking the facts presented by Plaintiff in the affidavit as true, these facts would not convince a reasonable person that bias exists on the part of the undersigned. The fact that the undersigned "personally knew" and "once belonged to the same law firm" as the judge that signed the warrant in question in the previous case does not demonstrate bias. As with most judges, the undersigned personally knows and has previously worked with many people in this local legal community, but those professional relationships, without more, do not inevitably lead to personal bias against litigants. Nor would the undersigned's spouse's former profession convince a reasonable person that the undersigned is biased in every case involving civil rights allegations against law enforcement officers, as Plaintiff suggests. The term "law enforcement" encompasses an extremely broad category of professions, and a spousal connection to one of those professions does not render the undersigned biased in every case involving any of those professions. Plaintiff has not stated that his previous or current suit involved the F.B.I. or that the undersigned's spouse was in any way involved in either case.

6

The last major contentions in Plaintiff's affidavit are that Plaintiff has filed a complaint of misconduct regarding the undersigned with the Eleventh Circuit "that is active at this time"[1] and that Plaintiff has criticized the undersigned in a newspaper article. While these facts demonstrate how Plaintiff feels about the undersigned, they do not show anything about how the undersigned feels about Plaintiff. These facts would not convince a reasonable person that the undersigned has personal bias towards Plaintiff. See Federal Judicial Center, Recusal: Analysis of Case Law Under 28 U.S.C. §§ 455 & 144 27 (2002), *available at* https://bulk.resource.org/courts.gov/fjc/recusal.pdf (citing FDIC v. Sweeney, 136 F.3d 216, 219 (1st Cir. 1998) ("A party cannot force disqualification by attacking the judge and then claiming that these attacks must have caused the judge to be biased against [her]."); Sullivan v. Conway, 157 F.3d 1092, 1096 (7th Cir. 1998) ("[I]t is improper for a lawyer or litigant . . . to *create* the ground on which he seeks the recusal of the judge assigned to his case. That is arrant judge-shopping."); DeNardo v. Mun. of Anchorage, 974 F.2d 1200, 1201 (9th Cir. 1992) (upholding refusal to recuse after plaintiff sent letter opposing judge's nomination to the bench to the Senate Judiciary

---

[1] For the purposes of this Order, Plaintiff's statement is accepted as true, although the complaint of misconduct has now been dismissed.

Committee because "[s]uch a letter is probative of [the plaintiff's] dislike for [the judge], not the other way around.")); see also In re Bush, 232 F. App'x 852, 854 (11th Cir. 2007) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."). Plaintiff's affidavit fails to meet the test for legal sufficiency, and recusal is not required under § 144.

### b. 28 U.S.C. § 455

Plaintiff's request for recusal is also unsuccessful under 28 U.S.C. § 455. This section is intended "to promote public confidence in the impartiality of the courts by eliminating even the appearance of impropriety." Alabama, 828 F.2d at 1541. Section 455(a) provides that a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." While § 455(a) deals with the appearance of partiality, § 455(b) addresses conflicts of interest. If the facts listed in one of the prongs of § 455(b) exists, recusal is required. If a relationship does not meet the level set forth in § 455(b) as requiring recusal, then that relationship (standing alone) is not sufficient to show the appearance of partiality under § 455(a). See Liteky, 510 U.S. at 553.

Subsection 455(b)(1) requires recusal "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

8

proceeding." As discussed in the context of § 144, Plaintiff has failed to show that the undersigned has any personal bias or prejudice towards any of the parties to this proceeding. Nor does the undersigned have any personal knowledge about the facts of this proceeding; everything the undersigned knows about this case is from the parties' filings. Plaintiff has pointed to the fact that the undersigned was formerly a federal prosecutor. The Eleventh Circuit held that the judge in <u>Alabama</u> should have recused himself where he had been a state legislator involved in legislative battles pertinent to the litigation; however, in that case, "the trial judge actively participated in the very events and shaped the very facts that [were] at issue in [the] suit." 828 F.2d at 1544. The same cannot be said here, where the undersigned's former career did not involve the facts at issue in this case or any of the parties in this case.

Section 455(b)(2) requires recusal "[w]here in private practice [the judge] served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served *during such association as a lawyer* concerning the matter, or the judge or such lawyer has been a material witness concerning it[.]" (emphasis added). Even though Plaintiff's charge about the undersigned's former colleague regarded an earlier case and not the present case, this provision would not have required the undersigned's recusal in the previous case,

9

because Plaintiff has not shown that the undersigned was practicing law with her former colleague while he was a *lawyer* concerning the matter. Rather, her former colleague was alleged to have been a *judge* involved in the previous matter.

Section 455(b)(3) requires recusal "[w]here [the judge] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." This provision does not apply, because while serving in government employment, the undersigned did not participate in any way with this proceeding (or the former proceeding) or express an opinion concerning the merits of this case. Section 455(b)(4) necessitates recusal where the judge "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]" Neither the undersigned nor any of the above-referenced individuals has a financial interest in this case or any other interest that could be substantially affected by the outcome of these proceedings. No facts indicated by the Plaintiff show otherwise.

AO 72A
(Rev. 8/82)

Finally, § 455(b)(5) requires recusal if the undersigned or her spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

    (i)     is a party to the proceeding, or an officer, director, or trustee of a party;
    (ii)    is acting as a lawyer in the proceeding;
    (iii)   is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
    (iv)   is to the judge's knowledge likely to be a material witness in the proceeding.

The degree of relationship requirement is calculated using the civil law system. In this case, the only people mentioned that fit this relationship requirement are the undersigned herself and her spouse. Neither the undersigned nor her spouse fall into any of the relevant categories. Addressing the least precise category, the undersigned and her spouse are not known by the undersigned to have any interest that could be substantially affected by the outcome of the proceeding.

As none of the relationships noted by Plaintiff meet the requirements for recusal under § 455(b), those findings govern for the purposes of § 455(a) as well. See Liteky, 510 U.S. at 553 ("It would obviously be wrong, for example, to hold that 'impartiality could reasonably be questioned' simply because one of the parties is in the fourth degree of relationship to the judge. Section 455(b)(5), which addresses the matter of relationship specifically, ends the disability at the *third*

11

degree of relationship, and that should obviously govern for purposes of § 455(a) as well.").

The standard for recusal under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality. United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (citing Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988)). Doubts are to be resolved in favor of recusal. Id. (citing United States v. Kelly, 888 F.2d 732, 745 (11th Cir. 1989)).

Many of the principles discussed above in the review of Plaintiff's claim under the § 144 rubric apply equally to the § 455(a) analysis. As the undersigned's former career and alleged relationships were not sufficient to require recusal under § 455(b), they are not, without more, sufficient to create the appearance of bias in the § 455(a) analysis. Still, regarding the undersigned's former government career, the Eleventh Circuit Alabama court made another point relevant to this case when it found that the judge in that case was *not* prejudiced or no longer impartial based on his background as a civil rights lawyer:

> [T]he facts pleaded . . . will not suffice to show the personal bias required by the statute if they go to the background and associations of the judge rather

12

> than to his appraisal of a party personally. All
> judges come to the bench with a background of
> experiences, associations, and viewpoints."

828 F.2d at 1543. Similarly, the Plaintiff's statements about the undersigned, to the extent they present facts and not speculation, go to the undersigned's background and associations rather than her appraisal of Plaintiff or Defendants personally.

What remains of Plaintiff's asserted grounds for recusal are essentially issues with timing and prior adverse rulings, general contentions about the frequency and appropriateness of summary judgment, and Plaintiff's complaints and criticisms of the undersigned. The first three of those issues are purely judicial in nature, and the fourth does not warrant recusal because it only reflects how the Plaintiff thinks and feels—it does not demonstrate anything about the undersigned's perspective or impartiality. Plaintiff has provided speculation and opinions, but few facts to support his request for recusal. On the facts presented, an objective, disinterested, lay observer, fully informed of the facts underlying the grounds on which recusal was sought, would not entertain a significant doubt about the undersigned's impartiality in this case.

Plaintiff's request for recusal is **DENIED**.

## II. REMAND

In requesting that the Court remand this case to state court where it was initially filed, Plaintiff, citing 28 U.S.C.

13

§ 1447(c), suggests that "Defendants have failed to prove a Federal Jurisdictional amount" because "the amount in controversy would be presumed to be $30,000 tops[.]" Dkt. No. 9, p. 1.

Whereas the amount in controversy requirement still applies to diversity cases, or those in federal court based on the diverse citizenship of the parties, in 1980, Congress eliminated the amount in controversy requirement for cases over which federal courts have federal question jurisdiction. Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740, 747-48 (2012). The modern statute defining federal question jurisdiction states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. And the statute governing removal provides that defendants may remove any civil action brought in state court over which the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a).

This case was removed to federal court, in accordance with 28 U.S.C. §§ 1441 and 1446, because Plaintiff alleged violations of his constitutional rights and brought his claims under 42 U.S.C. § 1983. See Dkt. No. 1, p. 1, ¶¶ 2-4 (Defendant's Notice of Removal); Dkt. No. 1, p. 4, ¶ 1 (Plaintiff's Complaint states: "This is a 42 USC § 1983 deprivation of 4th and 5th

AO 72A
(Rev. 8/82)

14

Amendment constitutional rights"). The cause of action was created by federal law, namely 42 U.S.C. § 1983, and as such, it arises under the Constitution and laws of the United States. Defendants were entitled to remove the action because Plaintiff could have brought it in federal district court originally. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005) (citing 28 U.S.C. §§ 1441(a) & 1331).

After the amount in controversy reasoning was objected to by Defendants, Plaintiff asserted that Defendants had no right of removal and asked the Court to exercise its discretion and remand to state court "on the grounds that it was the Plaintiff's preference." Dkt. No. 11, p. 1. The Eleventh Circuit has clearly stated that a district court lacks authority to remand a case on grounds that it may find justifiable but which are not recognized by the controlling statute. Lloyd. v. Benton, 686 F.3d 1225, 1228 (11th Cir. 2012) (citing Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351 (1976), abrogated on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996)). The Eleventh Circuit has found that remand was improper in a case, such as this one, where the district court had original jurisdiction pursuant to the federal question statute and the federal claims were properly removed. Id. (citing In re City of Mobile, 75 F.3d 605, 608 (11th Cir. 1996)). Accordingly, because this Court has federal question

15

jurisdiction and Defendants properly removed the case to federal court, the Court may not remand the case to state court, and Plaintiff's motion for remand is **DENIED**.

### III. CONCLUSION

Plaintiff's Motions for Recusal (Dkt. Nos. 12, 13, 18, 27) and Remand (Dkt. No. 9) are **DENIED**.

**SO ORDERED**, this 31ST day of March, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

16