# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| JOE T. YOUNG, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:14-cv-109 |
| | * | |
| v. | * | |
| | * | |
| ANTHONY SMITH, et al., | * | |
| | * | |
| Defendants. | * | |

## ORDER

The Court has conducted an independent and *de novo* review of the record and analyzed the Magistrate Judge's February 2, 2016 Report and Recommendation, dkt. no. 39, to which objections have been filed. With one clarification regarding Plaintiff's claims against Defendant Smith, the Court concurs with the Report and Recommendation.

The entirety of Plaintiff's Complaint against Defendants reads as follows:

> This is a 42 U.S.C. § 1983 deprivation of 4th and 5th Amendment constitutional rights against the above named defendants related to an incident on April 4th, 2014 on or about 2 o'clock, p.m.
>
> While the plaintiff was walking on Homer L. Wilson Way, Anthony Smith, a Brunswick police officer pulled up behind the Plaintiff in his car and told plaintiff to stop and was very hostile. Brunswick police officers Lawson and English arrived about that

time and the plaintiff was handcuffed and threatened
with jail and forced to answer questions while Anthony
Smith wrote them on a card. Plaintiff was falsely
arrested and imprisoned and had the right to liberty
taken away for about 45 minutes. This was a great
indignity and a violation of the Plaintiff's
constitutional rights.

This plaintiff has had three incidents before
this when liberty was taken by the Brunswick police
but not handcuffed. Therefore it is believed the
Brunswick police department has a policy of violating
basic civil liberties and the policy must be changed
to observe these rights.

For the distress and suffering, that lasted for
days, due to the false arrest and imprisonment,
Plaintiff requests a trial by jury and unspecified
damages, and that the City of Brunswick be required to
obey the law.

Dkt. No. 1, ¶¶ 1-4.

Plaintiff's claim against Defendant Smith is properly characterized by the Magistrate Judge's Report and Recommendation as a Fourth Amendment violation claim for Defendant Smith's alleged "seiz[ing of Plaintiff] . . . during the field interview conducted on April 4, 2014." Dkt. No. 39, p. 3. During discovery, Plaintiff testified that an officer other than Defendant Smith placed Plaintiff in handcuffs and that Defendant Smith never touched him. Dkt. No. 25, p. 18:11-17. After the close of discovery, see dkt. no. 15, in his Response to Defendants' Motion for Summary Judgment, dkt. nos. 32 and 32-3, Plaintiff avers for the first time that he "was handcuffed by Officer Lawson at Defendant Smiths [sic]

2

direction" and that "Defendant Smith was in charge." Dkt. No. 32-3, ¶ 15 (emphasis added); see also Dkt. No. 32 at 4 ("Defendant Smith was in charge and had Lawson handcuff Plaintiff"). In other words, Plaintiff now appears to assert that Defendant Smith violated Plaintiff's Fourth Amendment rights by virtue of his supervisory authority over Officer Lawson who handcuffed him.

Plaintiff's attempt to assert a new theory of liability at this late stage must fail because Plaintiff did not plead a supervisory liability claim in the Complaint as required by Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "To comply with fair notice, a complaint should at least allege in general terms the acts, customs, practices, policies of the defendant in a manner sufficient to allow an informed response." Desai v. Tire Kingdom, Inc., 944 F. Supp. 876, 879 (M.D. Fla. 1996).

Even liberally construing the Complaint, as the Court is required to do, see Erickson v. Pardus, 551 U.S. 89, 94 (2007),

Plaintiff's Complaint does not comply with Rule 8 with regard to a supervisory liability claim. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Patterson v. Walden, No. CIV. A. 13-0109-WS-B, 2013 WL 3153761, at *5 (S.D. Ala. June 18, 2013). Plaintiff did not make any such allegations in the Complaint.

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). "Nor can a supervisor be held liable under § 1983 for mere negligence in the training or supervision of his subordinates." Patterson, 2013 WL 3153761, at *5 (citing Greason v. Kemp, 891 F.2d 829, 836-37 (11th Cir. 1990)). "Indeed, the law is clear that a supervisor may not be held liable under § 1983 unless 'the supervisor personally participates in the alleged constitutional violation or ...

4

there is a causal connection between actions of the supervising official and the alleged constitutional violation.'" Id. (quoting Myers v. Bowman, 713 F.3d 1319, 1328 (11th Cir. 2013)). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Id. (quoting Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1308 (11th Cir. 2009)) (quotation marks omitted).

Here, the Complaint's allegations against Defendant Smith are general at best, and the Complaint is devoid of facts to allege a supervisor liability claim and put Defendants on notice of such a claim. First and foremost, there is no allegation that Defendant Smith is a supervisor or holds any supervisory authority over the other officers such that he could be held liable under a theory of supervisor liability. The Complaint likewise lacks factual allegations that Defendant Smith directed Officer Lawson to place Plaintiff in handcuffs or that he knowingly failed to prevent Officer Lawson from doing so. See Patterson, 2013 WL 3153761, at *5. Furthermore, the Complaint does not provide any facts that identify a custom or policy of Defendant Smith that resulted in deliberate indifference to Plaintiff's constitutional rights or facts that suggest the existence of a widespread pattern of excessive force or substantive due process violations by Brunswick police officers to which Defendant Smith turned a blind eye. See id.; see also

5

Jones v. Edmond, No. 1:14-cv-31, 2014 WL 5801536, at *6 (M.D. Ga. 2014) (noting that, even taking as true plaintiff's allegation that officer Brinson was in charge at the roadblock, plaintiff's supervisory liability theory failed because plaintiff did not allege that officer Brinson personally participated in the strip search, nor did plaintiff allege a causal connection, such as a custom or policy, notice of a history of abuse by officer Edmonds—the officer who performed the strip search—sufficient to put Brinson on notice, or that Brinson instructed Edmonds to conduct the search).

Thus, to the extent Plaintiff attempts to put forth a theory of supervisory liability for a Fourth Amendment violation in his response to Defendants' Motion for Summary Judgment, his effort is barred for failure to plead the claim as required by Rule 8 of the Federal Rules of Civil Procedure. See Conley, 355 U.S. at 47. Plaintiff did not provide fair notice to Defendants of a supervisory liability claim. Desai, 944 F. Supp. at 879. Instead, the record makes clear that Plaintiff's assertion of supervisory liability on the part of Defendant Smith is an eleventh-hour theory of liability which Plaintiff did not properly plead.[1]

---

[1] Because the Court rules that Plaintiff did not properly plead a supervisor liability claim, the Court need not determine whether Plaintiff has presented sufficient evidence "indicating that Officer N. Lawson was subject to the authority of Defendant Smith" to survive summary judgment on the claim. See Dkt. 39, p. 9 n.8.

Accordingly, with the above clarification, the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED** as the opinion of the Court and Plaintiff's Objections, dkt no. 40, are **OVERRULED**.[2] The Court **DISMISSES** Plaintiff's Complaint and **DENIES** Plaintiff leave to appeal *in forma* pauperis. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

SO ORDERED, this 29 day of March, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] In his Objections, Plaintiff argues that Magistrate Judge Baker "has not specified where his license comes from to issue an order and recommendation in this matter." Dkt. No. 40, p. 1. Plaintiff is advised that, pursuant to 28 U.S.C. § 636(b)(1)(A)-(C):

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)[.]
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.